UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VERSUS | : | CRIMINAL NO. 11-009-JJB |
| | : | |
| SHEDRICK O. MCKENZIE *et al.* | : | |

**GOVERNMENT'S MOTION REQUESTING THE COURT TO RECONSIDER
DEADLINE TO DISCLOSE TRIAL EXHIBITS**

The United States of America, by and through the undersigned trial attorneys, respectfully submits this motion requesting that the Court reconsider its order that all parties, pursuant to Fed. R. Cr. Pr. 16, disclose their trial exhibits by September 7, 2011 (DE78).[1] As the Court previously determined in its own order in this case, Rule 16 is not a vehicle by which the defendants can compel the Government to disclose their trial exhibits (DE68), especially two months in advance of trial. Accordingly, the Government requests that the Court amend its case management order and remove the deadline that all parties disclose their trial exhibits by September 7, 2011.

**Relevant Background**

On February 2, 2011, a grand jury sitting in the Middle District of Louisiana returned a 3-count indictment against Shedrick O. McKenzie, Henry L. Jones ("Henry"), Chikenna D. Jones, Jo A. Francis, Mary H. Griffin, and Stephanie V. Dangerfield, charging each with conspiracy to commit health care fraud, in violation of 18 U.S.C. §§ 1349 and 2 (Count 1), and conspiracy to defraud the United States and to receive and pay health care kickbacks, in violation of 18 U.S.C. §§ 371 and 2

---

[1] The Government does not seek to disturb any of the four remaining deadlines stated in the Court's August 18, 2011, case management order.

1

(Count 2) (DE1). The indictment further charged. Dangerfield (alone) with aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2 (Count 3). *Id.* This indictment detailed the defendants' ownership and/or operation of McKenzie Healthcare Solutions, Inc. ("McKenzie"), a purported supplier of durable medical equipment that submitted in excess of $9.1 million in fraudulent claims to Medicare. *Id.*

On May 23, 2011, roughly 5 ½ months before the November 7, 2011, trial date, Henry filed a motion to compel the government to identify the documents it intended to use during its case-in-chief (DE59). Henry's motion was based entirely upon his interpretation, albeit mistaken, of Fed. R. Cr. Pr. 12 and 16. *Id*.

On June 2, 2011, the Government filed its opposition to Henry's motion to compel (DE64). As detailed in the opposition, the Government asserted that Henry - and those defendants who joined in his motion - were improperly attempting to obtain discovery well beyond that which they are entitled to under Fed. R. Cr. Pr. 16. *Id.* Moreover, defendants' motions were an inappropriate attempt to ascertain the Government's trial strategy in advance of trial. *Id.*

On June 10, 2011, the Court, <u>finding that the Government had met its obligations under Rule 16 in this case</u>, ordered that the Government, pursuant to Rule 12 (not 16), "clarify which evidence or categories or evidence it does not intend to use at trial." (DE68:7). The Government thereafter complied with the Court's order and notified defendants of the subject information not to be used at trial.

On August 17, 2011, Jones filed a motion requesting a case management order (DE77). Included within the language of his proposed order, and despite the Court's clear holding in its June 10, 2011, order, Jones requested that "On or before 60 days prior to trial, September 7, 2011, <u>each</u>
2

party will comply with Rule 16 discovery, including identifying exhibits intended for use during the case-in-chief." (DE77:3) (emphasis added). In other words, under the guise of a different pleading, Jones requested exactly what the Court previously determined he was not entitled to under Rule 16.

Two days later, prior to any response/opposition from the Government, the Court entered a case management order, which adopted all the language proposed by Jones, including the requirement that all parties disclose their exhibits, pursuant to Rule 16, two months in advance of trial (DE78).

**Argument**

Jones' motion for a case management order is nothing more than an ill-conceived attempt to circumvent the Court's previous June 10, 2011, order. Indeed, in that order, the Court clearly held that the Government has met its discovery obligations under Rule 16 in this case. Implicit within that holding is the fact that Rule 16 does not entitle Jones, or any other defendant in this matter, to the Government's exhibit list in advance of trial (or, especially, two months in advance of trial). Jones' counsel knew of this procedural prohibition through the Court's June 10, 2011, order, as well as through other previous orders in this district. *See U.S. v. Roman*, No. 06-146-RET, Ruling on Motion to Continue Trial and in the Alternative to Exclude Government Expert Witnesses, at 1-5. Thus, Jones' second attempt to obtain information that he is not entitled to under Rule 16, which fact the Court previously apprised him of, is inappropriate (again), and his proposed deadline should be removed from the Court's case management order.

In addition, as a practical matter, this case is not set to proceed to trial until November 7, 2011. Because over two months remain between now and the trial date, the Government frankly has yet to determine what witnesses it will call and what evidence it will introduce during its case-in-

3

chief. The Government's witnesses and evidence will likely be finalized in the weeks leading up to the trial date once other evidentiary matters have been resolved by the Court.[2]

## Conclusion

Based on the foregoing reasons, the United States respectfully requests that the Court amend its case management order and remove the deadline that all parties disclose their trial exhibits by September 7, 2011.

Respectfully submitted,

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY

By:    s/ O. Benton Curtis III
O. BENTON CURTIS III
DAVID M. MARIA
Trial Attorneys
Department of Justice
1400 New York Avenue
Washington, D.C. 20005
Tel: (202) 616-3108
Benton.Curtis2@usdoj.gov

---

[2] On August 22, 2011, the Government filed a motion requesting that the Court conduct a hearing to address the two 404(b) notices it filed in this case (DE80). To date, no defendant has responded to the Government's proposed 404(b) evidence, or the Government's motion to be heard on the same.

4

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on August 25, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                        s/ O. Benton Curtis III
                                        O. BENTON CURTIS III

5

Case 3:11-cr-00009-JJB -SCR   Document 81   08/25/11   Page 5 of 5