UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | No. 11-CR-09-JJB |
| SHEDRICK O. MCKENZIE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**GOVERNMENT'S SPECIFICATION OF INTENDED 404(B) EVIDENCE**

The United States of America, in accordance with the Court's October 11, 2011 Order (DE113), hereby sets forth the following categories of similar acts evidence - witness testimony and documentation - applicable to the 404(b) notices it previously filed in this case.

Against Defendant Henry Lamont Jones

•   Evidence of Henry Lamont Jones' ("Henry") conviction in <u>U.S. v. Ngari et al.</u>, Case No. 10-CR-60. This evidence will be introduced through a law enforcement agent and will consist of the agent's testimony about the conviction, as well as a copy of the official document in the record reflecting the jury verdict and conviction. The agent will testify generally regarding the allegations in the case against Jones, as set forth in the indictment in that matter.

•   Transcripts from grand jury testimony provided by Henry on August 30, 2006, February 18, 2009, and March 4, 2009[1]. These transcripts are relevant to his conduct in the <u>Ngari</u> matter, as well as his involvement with Healthcare 1, Lifeline, and Medical 1.

---

[1] The exhibits related to this evidence were previously noted in the Government's Proposed Exhibit List: 35-37.

Against Defendants Henry Lamont Jones and Chikenna D. Jones

- Evidence of the acts set forth in the indictment in <u>U.S. v. Henry Lamont Jones et al</u>, Case No. 10-CR-104. This evidence will be introduced primarily by a law enforcement agent and will consist of the agent's testimony regarding the acts committed by Henry and Chikenna D. Jones ("Chikenna") as alleged in the indictment, as well as the fact of the indictment and superseding indictment in that matter. Because of the temporal overlap with the conspiracy alleged in the current matter, other witnesses will, unavoidably, also discuss the involvement of Henry and Chikenna with the DME companies referenced in <u>Jones</u>, namely Healthcare 1, Lifeline, Medical 1, and Rose Medical. Several of the "patient recruiters" who worked for Henry and Chikenna when they were operating McKenzie Healthcare Solutions ("McKenzie") also recruited for them in their capacity as owners/operators of Healthcare 1, Lifeline, and Medical 1. One or more of these recruiters will testify that, in addition to being paid kickbacks by the Jones' for referring patients to McKenzie, Henry and Chikenna also paid them kickbacks for referring patients to these other entities. Additionally, the government will introduce evidence that Henry and Chikenna acquired another company, Rose Medical, for the sole purpose of re-submitting claims that previously had been denied by Medicare when submitted through one of their other companies. In terms of documentary evidence, the government will introduce, for each of the other companies, Medicare claims

data, bank records, Medicare provider enrollment applications, and corporate documents from the Louisiana Secretary of State[2].

- Finally, the government will introduce the June 10, 2005, audio recording (and related transcript) of Henry, Chikenna, Bonnie Walker Simmons, and Hiroshiro Walker[3]. This recording will either be introduced by Bonnie Walker Simmons or a law enforcement who was monitoring the conversation in real time as the recording was made.

As explained in detail in the government's brief, submittted on September 23, 2011 (DE96), the evidence set forth above is not being submitted as character or propensity evidence but, instead, is being submitted to show Henry and Chikenna's knowledge and intent. The evidence relates to acts that are almost identical to the charged conduct, and these acts occurred in the same general time frame as the conduct at issue in the upcoming November 7, 2011, trial. This limited evidence is

---

[2] The exhibits related to this evidence were previously noted in the Government's Proposed Exhibit List: 18-28, 31-34, and 42-46A.

[3] The exhibits related to this evidence were previously noted in the Government's Proposed Exhibit List: 38-39.

clearly relevant, as the defendants have - through their not guilty pleas - placed their intent at issue, and its probative value outweighs any potential of undue prejudice.

                              Respectfully submitted,

                              DONALD J. CAZAYOUX, JR.
                              UNITED STATES ATTORNEY

By:    /s/ O. Benton Curtis, III
       O. BENTON CURTIS, III
       DAVID M. MARIA
       Trial Attorneys
       United States Department of Justice
       1400 New York Avenue, NW
       Washington, D.C. 20005
       Tel:   (202) 307-3832
       Fax:   (202) 514-0152

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that, on October 18, 2011, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                              /s/ O. Benton Curtis, III
                                              O. BENTON CURTIS, III