| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | |
| ) | No. 11-CR-09-JJB |
| **SHEDRICK O. MCKENZIE,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## GOVERNMENT'S SUPPLEMENT TO
## SPECIFICATION OF INTENDED 404(B) EVIDENCE

The United States of America, by and through the undersigned trial attorneys, submits the following statement to supplement its October 18 specification of intended 404(b) evidence. In preparing for trial and interviewing additional, possible witnesses, it has become apparent that, with respect to the testimony of these possible witnesses, various issues previously categorized as extrinsic evidence are, in fact, inextricably intertwined with the issues in this case. Specific examples are set forth below, but the government anticipates additional areas of testimony that will also fit into this category. This inextricably intertwined evidence is clearly admissible at the trial, and it further demonstrates the similarity (and somewhat overlapping nature) of the scheme set forth in the indictment in *U.S. v. Jones*, 10-CR-104, and supports the admission of extrinsic evidence relating to that matter.

As of the present date, the witnesses who may testify at trial, and whose testimony falls into this category of inextricably intertwined, are set forth as follows. A brief summary of the portion

of each witness's testimony is set forth as an example of the inextricably intertwined testimony. This is only a synopsis of the expected testimony and is, accordingly, subject to change.

1. **Mary Griffin**: This potential cooperating witness, who was indicted in both this matter and the *Jones* matter, recruited patients for McKenzie Healthcare Solutions, Inc. ("McKenzie"), as well as for several of the companies that relate to the *Jones* indictment – Healthcare 1 and Medical 1. Griffin recruited for McKenzie prior to the involvement of Henry and Chikenna Jones (while it was still being run by Shedrick McKenzie), while, at the same time, she was recruiting for the Jones' companies, selling some prescriptions to McKenzie, and others to Healthcare 1. Later, when Henry and Chikenna Jones began running McKenzie, she continued to recruit patients for McKenzie.

2. **Dr. Jo Ann Francis**: This potential cooperating witness, who was indicted in both matters, was the prescribing physician for durable medical equipment supplied by McKenzie, as well as by the Jones' companies. Francis was employed as a "medical director" by McKenzie (prior to the Jones' involvement with McKenzie), but she never had an employment relationship with the Jones' companies. The DME prescribed by her that was filled by Healthcare 1 and other Jones companies resulted from recruiter Mary Griffin having Francis sign prescriptions for both companies, often at the same time.

3. **Errica Davis**: Ms. Davis is a former employee of McKenzie, and she worked there prior to the time period when Henry and Chikenna Jones ran McKenzie. Ms. Davis, as the office manager of McKenzie, frequently received complaints from individuals who received DME that they did not want or need and had not ordered. Large numbers of these complaints related to DME supplied by Healthcare 1, and the beneficiaries were contacting McKenzie

Case 3:11-cr-00009-JJB -SCR   Document 130   10/25/11   Page 2 of 5

because Mary Griffin had been involved in the provision of the DME to the beneficiaries, and the beneficiaries (or their physicians) knew that Griffin was affiliated with McKenzie.

4. **Ada Allen**: Medicare was billed for a power wheelchair that was supposedly provided to her by McKenzie in 2010, which was during the time that Henry and Chikenna Jones were running McKenzie. Ms. Allen never received a wheelchair, and the physician who purportedly signed the prescription for the wheelchair will testify that the signature is a forgery. Prior to receiving the explanation of benefits reflecting the billing of the power wheelchairs, over a year earlier, Ms. Allen had received multiple braces in a box from Healthcare 1, which were also billed to Medicare. These were braces that she had not ordered, did not need, and were not prescribed by her doctor.

5. **Sadie Miller**: As with Ms. Allen, Medicare was billed for a power wheelchair that was supposedly provided to her by McKenzie in 2010, which was during the time that Henry and Chikenna Jones were running McKenzie. Ms. Miller never received, and her personal doctor never prescribed, a power wheelchair. Again, similar to Ms. Allen, Ms. Miller had previously received DME (various braces, a heating pad, and an elbow support) from Healthcare 1 – in 2007, and again in 2009. These were also items that she had never ordered, did not need, and never used.

Based on the proposed testimony of Ms. Allen and Ms. Miller, it is clear that, once Henry and Chikenna Jones took over the operations of McKenzie, they would use beneficiary information from the other companies that they had operated (but which were no longer operating) and bill Medicare for items that McKenzie was purportedly providing to those individuals. The full story regarding how McKenzie obtained the Medicare numbers and other relevant information for

beneficiaries, such as Ms. Allen and Ms. Miller, cannot be told without including facts regarding Healthcare 1 (and potentially other of the Jones' companies) and the Jones' ownership of that/those companies.

Respectfully submitted,

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY

By:    /s/ O. Benton Curtis, III
      O. BENTON CURTIS, III
      DAVID M. MARIA
      Trial Attorneys
      United States Department of Justice
      1400 New York Avenue, NW
      Washington, D.C. 20005
      Tel:   (202) 307-3832
      Fax:   (202) 514-0152

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on October 25, 2011, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

    /s/ O. Benton Curtis, III
O. BENTON CURTIS, III