UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VERSUS | : | CRIMINAL NO. 11-009-JJB |
| | : | |
| HENRY LAMONT JONES, *et al.* | : | |

GOVERNMENT'S NOTICE ON INTENDED INTRODUCTION OF
GRAND JURY TESTIMONY OF DEFENDANT HENRY LAMONT JONES

Pursuant to the Court's October 28, 2011 Order (DE140), the Government identifies below those portions of Defendant Henry Lamont Jones' grand jury testimony that it intends to introduce during its case-in-chief.

**August 30, 2006 Grand Jury Testimony**

**Passage:** Page 18, line 23 to Page 20, line 21

**Relevance:** In this passage, Defendant generally states that he and co-defendant Chikenna Jones ("Chikenna") owned, respectively, Lifeline Health Care Services and Lifeline Health Care Supplies (later renamed Healthcare 1), two durable medical equipment ("DME") companies they are alleged to have utilized to commit Medicare fraud. Defendant also generally states what their roles were at each of these companies.

This passage is relevant 404(b) evidence because, by Defendant's own admission, he and Chikenna controlled and operated the two allegedly fraudulent DME companies.

**Passage:** Page 71, line 24 to Page 73, line 1

**Relevance:** In this passage, Defendant again confirms that he was the owner of Lifeline Health Care

1

Services. Defendant also generally states that he, with Chikenna's assistance, prepared and submitted paperwork to Medicare on behalf of Lifeline Health Care Services, which he read and understood.

This passage is relevant 404(b) evidence because, by Defendant's own admission, he personally completed the enrollment application related to Lifeline Health Care Services, and, in doing so, he certified, among other things, that he understood it was illegal to submit false claims to Medicare and that he would not do so.

**Passage:** Page 79, line 8 to Page 80, line 17

**Relevance:** In this passage, Defendant generally states that he became somewhat familiar with kick-back laws in 2004 through a review of Palmetto GBA's website. Based on his review of this website, Defendant briefly explains his understanding of what is prohibited by kick-back laws.

The Government submits this passage is not related to its proposed 404(b) evidence and thus it will not be introduced as such. Instead, this evidence is relevant to show when Defendant first received notice of kick-back laws and what that notice entailed.

**Passage:** Page 85, line 22 to Page 87, line 11

**Relevance:** In this passage, Defendant generally explains his understanding of who a physician is permitted to accept payment from and who a DME supplier is permitted to pay.

The Government submits this passage is not related to its proposed 404(b) evidence and thus it will not be introduced as such. Instead, this evidence is relevant to show Defendant's knowledge - as of August 30, 2006 - of who he legally, as a DME owner

and/or operator, can pay.

**Passage:** Page 100, lines 7 to 15

**Relevance:** In this passage, Defendant generally states that a DME supplier cannot fill a prescription for a power wheelchair if the physician who wrote the prescription never saw the corresponding patient.

The Government submits this passage is not related to its proposed 404(b) evidence and thus it will not be introduced as such. Instead, this evidence is relevant to show Defendant's knowledge - as of August 30, 2006 - that a DME company cannot legally submit a power wheelchair claim to Medicare if the physician who wrote the underlying prescription for the power wheelchair never saw the patient.

**Passage:** Page 106, lines 7 to Page 108, line 19

**Relevance:** In this passage, Defendant again generally explains his understanding of if and when a DME company can pay money to recruiters in return for those recruiters providing the DME company with prescriptions. Defendant states that in 2005, he was supposedly provided direction on this topic.

Again, the Government submits this passage is not related to its proposed 404(b) evidence and thus it will not be introduced as such. Instead, this evidence is relevant to show Defendant's knowledge - as of August 30, 2006 - that a DME company cannot legally pay recruiters to locate and solicit patient prescriptions.

The Government respectfully requests permission to amend this proposed list as may become appropriate based upon the testimony and evidence presented at trial.

>Respectfully submitted,
>
>DONALD J. CAZAYOUX, JR.
>UNITED STATES ATTORNEY
>
>By:  s/ O. Benton Curtis III
>O. BENTON CURTIS III
>DAVID M. MARIA
>Trial Attorneys
>Department of Justice
>1400 New York Avenue
>Washington, D.C. 20005
>Tel: (202) 616-3108
>Benton.Curtis2@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                      s/ O. Benton Curtis III
                                      O. BENTON CURTIS III